IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 10, 2013 Session

## MICHAEL TIMOTHY BROWN v. JANINE BIACHE BROWN

**Appeal from the Chancery Court for Maury County**
**No. 11717     Jim T. Hamilton, Chancellor**

**No. M2012-01796-COA-R3-CV - Filed June 28, 2013**

In this divorce case, the trial court divided property which had not been previously divided by agreement of the parties and awarded Wife alimony in solido. Wife appeals, asserting that the trial court erred in failing to classify the property as marital or separate prior to division, and in failing to award her alimony in futuro, rehabilitative alimony, transitional alimony, or attorney's fees. Finding no error we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Neil Campbell, Franklin, Tennessee, for the Appellant, Janine Biache Brown.

Joe W. Henry, Jr., Pulaski, Tennessee, for the Appellee, Michael Timothy Brown.

## OPINION

### I. Facts & Procedural History

Michael Timothy Brown ("Husband") and Janine Biache Brown ("Wife") were married on May 14, 1983. On December 21, 2011, Husband filed a complaint for divorce on various grounds including irreconcilable differences. Wife answered, denying the allegations of the complaint; Wife counterclaimed for divorce on various grounds including irreconcilable differences. Husband answered, admitting that the parties had irreconcilable differences and denying the remaining allegations of the counter-complaint.

The parties participated in mediation on March 2, 2012. As a result, the parties entered into a stipulation whereby: Husband would be granted a divorce pursuant to the provisions of Tenn. Code Ann. § 36-4-129; a hearing would be held on Wife's application

for alimony and attorney's fees and the disposition of any undivided marital property; Wife would receive the marital home and would be responsible for the indebtedness thereon; the parties would sell their rental property and divide the proceeds equally; Husband would receive his 401K account; Husband's pension would be divided equally between the parties; each party would receive checking accounts as agreed; each party would receive one vehicle; Wife's credit card would be for her sole use, but Husband would repay Wife for previous purchases made thereon; and dividing the management of four accounts maintained for the children's education. The stipulation was signed by the parties and the court and entered on the minutes of the court.

The court entered an order on March 7 awarding an absolute divorce to Husband; on March 8, the court entered an agreed *pendente lite* order giving Wife exclusive possession of the marital residence and ordering Husband to contribute $1,500 each month to the parties' joint checking account.

A trial was held on June 28 on Wife's application for alimony and attorney's fees and regarding the division of the marital property not divided in the stipulation. In the course of the trial, Husband presented a proposal for the distribution of the remaining marital property. Husband's proposal divided the property between Husband and Wife and valued each item of property divided. According to Husband's proposal, Wife would receive marital property valued at $25,180 and Husband would received marital property valued at $13,755. The proposal also separately listed items for both Husband and Wife that were categorized as "family items given to [Husband/Wife] or brought in from [his/her] family" and also separately designated items as belonging to the children; these separately listed items were not given a value in Husband's proposal.

The court entered an order on July 18: adopting the stipulation and making it an order of the court; awarding Husband's equity in the parties' rental house to Wife in lieu of alimony; adopting the proposed division of the remaining property as testified to by Husband at the June 28 hearing; and ordering that each party be responsible for his or her own attorney's fees.

On its own initiative, the court entered an Amended Order on July 20. With respect to the marital property, the order provided:

> The Court accepts the classification and disposition of the marital property as set out in the "Stipulation" filed on March 8, 2012 which includes the values of the property, real and personal, as well as the liabilities. The Court adopts Exhibit 9 which is a color coded recitation of the mediation settlement and the property and numbers that make up the "Stipulation" showing a disposition of

the marital estate in the following percentages: the total net value of the marital assets awarded to the Wife was $287,979.65(52.64%) and to Husband $259,127.09 (47.36%).

With respect to Wife's application for alimony, the court made specific findings, stating:

The Court recognizes that the parties have a 28 year long marriage; the Wife was 51 years old at the time of the hearing; that the Wife has a college degree in business with a major in accounting and the Husband does not; that neither has a physical or mental condition that bears on the spousal support decision; there are no minor children or elderly parents that make employment outside the home undesirable or difficult; that the parties received comparable shares of the marital property with the Wife receiving slightly more; that both parties are gainfully employed although the Wife has the capacity to earn more than $8.40 an hour; that both parties made contributions to the home, in and out, during the course of the marriage and with these facts established the Court does not feel an award of alimony in futuro, transitional alimony, or rehabilitative alimony is warranted under the proof.

The court awarded Husband's one-half interest in the rental property valued at $22,500 to wife as alimony in solido. The court stated that it considered all of the factors contained in Tenn. Code Ann. § 36-5-121(i), as well as "the demeanor of the parties and the witnesses" in making its findings.

Wife appeals, articulating the following issues:

1.    Whether the court abused its discretion when it denied Wife's request for alimony, including in futuro, rehabilitative or transitional alimony, where it failed to consider Wife's need and Husband's ability to pay, fault and other relevant factors.
2.    Whether the trial court abused its discretion in adopting Husband's proposed distribution of personal property without first classifying the property and for making a finding that was not supported by the proof at trial.
3.    Whether the trial court abused its discretion in failing to award Wife's attorney's fees.

## II. Analysis

### A. Division of Personal Property

As an initial matter, we do not agree that the court failed to classify the property. Husband's proposal, about which he testified and which was attached to the July 18 order, was a list of personal property which was separated into "Janine's list" and "Tim's list"; at the end of each list was a separate list of items for both Husband and Wife that were categorized as "family items given to [Husband/Wife] or brought in from [his/her] family."[1] Monetary values were given for items on each list except the "family items." It is readily apparent from the context of the exhibit that the items for which a value were given was marital property, while those for which no value was given were separate property. When the court adopted the proposed division and made it the order of the court, the classification in the proposal became the court's. Wife did not offer any proof countering Husband's classification of the property listed or argue at trial that any property listed was separate rather than marital.[2] Wife bore the burden of proving that property acquired during the marriage was separate. *Goulet v. Heede*, No. E2000-02535-COA-R3-CV, 2002 WL 126279, at *5 (Tenn. Ct. App. Jan. 31, 2002). Having produced no evidence at trial to that effect, Wife did not meet her burden. Furthermore, on appeal Wife has not identified any property

---

[1] Each list contained a separate section of "family items" as follows:

([Wife]) Family items given to her or brought in from her family:
[Wife's] moms china
Curio Cabinet
Living room tables
Living room lamps

* * *

([Husband]) Family items given to me or brought in from my family:
Piano
Kitchen Tables and chairs
Cart in eating room
Kitchen island table
Aunt Jane's silverware
Trailer
Tiller
8mm projector and tapes

[2] Wife presented a proposal regarding the distribution of the personal property during her testimony; this proposal consisted of a list of personal property that Wife requested be given to Husband by the court and a list of personal property that was already in Husband's possession. Wife's list did not provide values for the property, enumerate the property that she wished to retain, or classify any property as separate or marital.

that was improperly classified and distributed as marital. Consequently, her contentions in this respect are without merit.

**B. Alimony**

Tennessee Code Annotated § 36-5-121(i) directs the courts to consider all relevant factors "[i]n determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment." The statute lists nonexclusive factors to be considered including the relative earning capacity, obligations, needs, and financial resources of each party; the relative education and training of each party; the ability and opportunity and necessity of each party to secure such education and training in order to improve such party's earning capacity to a reasonable level; and the assets of each party, whether they be separate assets or marital property awarded in the divorce. Tenn. Code Ann. § 36-5-121(i). It is well settled that the two most important factors to be considered in any spousal support determination are the disadvantaged spouse's need and the obligor spouse's ability to pay. *Bratton v. Bratton*, 136 S.W.3d 595, 604 (Tenn. 2004); *Robertson v. Robertson*, 76 S.W.3d 337, 342 (Tenn. 2002).

Appellate courts are disinclined to second-guess a trial court's decision regarding spousal support unless the decision is not supported by the evidence or is contrary to public policy. *Brown v. Brown*, 913 S.W.2d 163, 169 (Tenn. Ct. App. 1994). In *Gonsewski v. Gonsewski*, our Supreme Court stated that the role of appellate courts in reviewing an award of alimony is "to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011) (citing *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006)). "Consequently, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision." *Gonsewski*, 350 S.W.3d at 105–06.

Wife contends that the trial court failed to consider all of the relevant factors, and thus erred in its decision to award of alimony in solido rather than alimony in futuro, rehabilitative alimony, or transitional alimony. In particular, she argues that the court failed to consider both the "real need of the spouse seeking support as the single most important factor" and the fault of Husband in causing the divorce.

Wife cites to her income and expense statement, which showed her expenses as exceeding her income, to support her contention that the court failed to consider her need as

the most important factor in determining its award of alimony.[3] The trial court also heard testimony regarding Wife's education and work history,[4] the methods Wife used to produce the amounts identified on the income and expense statement,[5] and Wife's ability to decrease her expenses through refinancing her home.[6] Husband and Wife both testified, likewise, regarding the factors leading to the dissolution of the marriage.

The court heard testimony upon all of the relevant factors, including Wife's need and Husband's fault, and was able to weigh the evidence accordingly. It is true that the trial court is to consider fault as well as need of the economically disadvantaged spouse in its alimony determination, however, those factors are not exclusive; the majority of the factors relate to the relative financial situations of the parties and the ability of the parties to improve those situations. The trial court considered each factor at Tenn. Code Ann. § 36-5-121(i) and made specific findings as to those leading to the award of alimony in solido. In addition, the court stated that it considered "the demeanor and credibility of the parties and witnesses" in determining that neither long term, rehabilitative or transitional alimony was appropriate.

Given the deference we accord the trial court's decision and the court's findings of fact, as well as the weight we give the court's to the court's assessment of the credibility of

---

[3] Wife's monthly income and expense sheet listed her income as $1,138 and her expenses as $3,797, leaving her with a shortage of $2,659.

[4] Wife testified that she graduated with a degree in business administration from Middle Tennessee State University in 1992; that in 1998 she worked for Hauler's Insurance for six months making $8 per hour; that in 2000, she worked for York, Dilligham & Company, a CPA firm, for six months making $24,000 per year; that, immediately upon leaving that position, she worked at Atlantic Pools & Spas for four years making $15 per hour; that in 2006, she worked for United Medical for six months making $24,000 per year; and that in 2007, she worked for Thiesing Chiropractic Center for four years making between $11 and $16 per hour. Wife testified that in October 2011, she began working for Tennessee Farm Bureau making between $8.25 and $8.40 per hour in a data entry position that does not require a college degree. Wife testified that she had sent out several resumes, but upon cross-examination, could not name those employers to which she had submitted resumes.

[5] Wife testified that her income and expense statement included expenses for the parties' adult children who do not live in the home, including two of the children's cell phone bills and groceries for the children.

[6] The record showed that the marital residence awarded to Wife was valued at $238,000 with a remaining indebtedness of $45,421. The parties stipulated that Wife would refinance the remaining indebtedness in her own name. Wife conceded on cross-examination that refinancing the remaining indebtedness would decrease her monthly payment on the home, and that if she were unable to refinance the home, she would be able to sell it and retain all the proceeds.

witnesses testimony,[7] the decision to award alimony in solido was not clearly unreasonable and the court did not abuse its discretion in the award.

### C. Attorneys' Fees

Wife contends that the trial court abused its discretion in failing to award Wife attorney's fees because the court "failed to consider all the factors enumerated in Tenn. Code Ann. § 36-5-121(i)." Wife specifically contends that she should have been awarded her attorney's fees because she has a monthly deficiency in income, is burdened with the majority of the marital debt, and will have to borrow against or deplete any assets which she gained through the divorce in order to pay her outstanding fees.

"An award of attorney's fees in divorce cases is treated as a form of spousal support, and the award is characterized as alimony in solido." *Wilder v. Wilder*, 66 S.W.3d 892, 894 (Tenn. Ct. App. 2001). The trial court has wide discretion to award attorney's fees. *Id.* Upon review, this court will not interfere with an award, except upon a showing of an abuse of discretion where the evidence preponderates against the award. *Id.*

Wife testified at trial that her attorney's fees totaled $15,787.50, of which $13,287.50 remained unpaid. With respect to the distribution of marital property, the record shows that Wife received property with a net value of $287,979.65, constituting 52.64% of the marital estate. In addition, Wife was awarded Husband's one-half interest in the parties' rental property as alimony in solido, which was valued by the court at $22,500, and monthly pendente lite support of $1,500 between March and July, and the court found that Wife's earning capacity exceeded her current hourly wage. Given these facts and our holding with respect to alimony, we find no abuse of discretion in the court's decision not to award Wife her attorney's fees.

### III. Conclusion

For the reasons stated above, we affirm the judgment of the Chancery Court.

_____
RICHARD H. DINKINS, JUDGE

_____

[7] *See Boyer v. Heimermann*, 238 S.W.3d 249, 255 (Tenn. Ct. App. 2007).